**Staunton.**

BLANCHARD V. DOMINION NATIONAL BANK.

September 17, 1919.

Absent, Kelly, J.

1. EQUITY—*Pleading—General Replication.*—Where in a suit to enjoin the sale of certain real estate under a deed of trust, the complainant in his original bill admitted that the trust deed was a security for certain notes indorsed by him, and that the balance due thereon was a certain sum, and the defendant in his answer to that bill stated that complainant had correctly set forth the notes held by it and the balance due thereon, the replication made to this answer cannot have the effect of denying this statement of the answer, which was simply a concurrence in the admissions of the bill.

2. DEED OF TRUST—*Injunction Against Sale Under Deed—Pleading.* —In view of the fact that in a suit to enjoin the sale of land under a deed of trust the complainant made no charge in either his original or amended bill that the original debt had been paid, but simply that the original notes had been discharged, a statement in defendant's answer to the amended bill that the notes now held by it were renewals of the original notes cannot be taken as an affirmative allegation which the defendant was bound to prove. The deed secured the original debt, and was a continuing security for the debt and every part thereof until it was paid. If the complainant relied upon its payment, it was incumbent upon him to allege and prove such payment, as that is an affirmative defense.

3. MORTGAGES AND DEEDS OF TRUST—*Injunction Against Sale Under Deed—Pleading.*—In a suit to enjoin the sale of certain real estate under a deed of trust to secure a debt evidenced by bonds, and any renewal or renewals of the bonds, or any part thereof, complainant did not anywhere in his pleadings allege the payment of the debt, but, on the contrary, admitted in his original bill that certain notes were a part of the debt secured by the deed of trust, and correctly stated the balance due thereon. Complainant's amended bill specifically prayed that the original bill be treated as a part thereof.

*Held:* That under these circumstances, the production of the

original bonds secured and of checks for the amount thereof, stamped paid, dated about the time the bonds fell due, was entirely consistent with the claim of the defendant and the admissions of the complainant that the notes held by the defendant were a part of the debt secured by the deed of trust, and no further evidence was needed to show that said notes were renewals of the original bonds secured. An allegation that the original debt had been paid was as necessary as the proof thereof, but there was no such allegation, and even if there had been the proof offered was insufficient, in view of the complainant's admission in his pleadings.

4. ANSWERS—*Waiver of Answer Under Oath—Form.*—It is suggested, if it is desired to waive an answer under oath, that, instead of the form in common use, the bill should simply pray that the desired parties "be made defendants to this bill, and, waiving an answer under oath, that," etc.

5. MORTGAGES AND DEEDS OF TRUST—*Injunction Against Sale under Deed—Decree—Certainty—Interest.*—A decree in favor of defendant in a suit to enjoin the sale of land under a deed of trust was objected to on the ground that it was uncertain, because it failed to state from what time the amounts due from the plaintiff should bear interest. The decree did not finally dispose of the case, but referred it to a commissioner to take certain accounts, which would of necessity disclose, not only the amount of the defendant's claims, but the time from which it bore interest. The decree properly ordered accounts of liens and their priority before directing a sale under the trust deed. *Held:* That therefore, there was no force in the objection.

Appeal from a decree of the Circuit Court of Washington county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Hutton & Hutton* and *A. H. Blanchard,* for the appellant.

*Peters & Lavinder,* for the appellee.

BURKS, J., delivered the opinion of the court.

The object of this suit was to enjoin the sale of certain

real estate under a deed of trust executed December 31, 1912, by the appellant to secure a loan made to the F. T. Blanchard Company. The deed was made to secure a debt of $9,500, evidenced by bonds of the company, endorsed by F. T. Blanchard and W. T. Neeley, and any renewal or renewals of said bonds or any part thereof. One of these bonds was for $2,000, payable at sixty days after date, and the other for $7,500, payable four months after date, each with six per cent. interest. The deed also provided that when this debt was reduced to $7,500 or less, certain designated portions of the real estate conveyed should be released. This release was made on October 13, 1913. Afterwards the trustee, at the request of the bank, advertised the residue of the property for sale on November 24, 1914. Thereupon an injunction was obtained from the Circuit Court of Washington county to enjoin the sale. The grounds upon which the injunction was prayed for and granted were: that the debt was a debt of the company upon which Neeley was the first endorser and the appellant second endorser; that he was a mere surety for the debt; that he had taken active steps to induce the bank to collect the debt out of Neeley who was bound as first endorser, and he was then amply solvent and about to remove his effects to a distant State, but that he was unable to induce the bank to take any steps against Neeley, and, as a result of its failure to take the necessary steps, all recourse against Neeley had been lost; that he had given the bank written notice to sue Neeley, which it had not done, and that therefore the appellant was released; that the amount due on appellee's debt had not been ascertained and there should be no sale of the property until the amount of the debt had been ascertained; that the notice of the sale by the trustee was, for several reasons, insufficient; that there were outstanding assets of the company in controversy, and if the controversy were decided in favor of the company, it would

have ample assets with which to pay its debts; that it would be inequitable and unjust to sell the property under the deed of trust until all remedies against the principal debtor had been exhausted; and that there was a prior deed of trust on the property, the amount of which should be ascertained before the property was sold. The bill makes no suggestion that the debt secured by the deed of trust has been paid. It admits the power and duty of W. T. Neeley, the secretary and treasurer of the company, "to handle the finances and books of the company," and nowhere in any of the subsequent pleadings is this power denied, or is any suggestion made that the company does not owe the debts for which he issued its notes. The bill sets forth the making on April 30, 1913, of the notes of the company by Neeley, as secretary and treasurer, now held by the appellee, and their endorsement by Neeley as first endorser and by the appellant as second endorser, and alleges that they are subject to certain enumerated credits leaving due thereon $4,584 of principal, upon which there is interest due. The bill then admits that "the trust deed is a collateral security simply for the payment of any balance on said notes that is not liquidated by the F. T. Blanchard Company or W. T. Neeley as first endorser of said notes."

The answer of the appellee to this bill states that the bill of complaint correctly describes the amounts of the notes making up the said $9,500; that the sum was secured by a deed of trust upon the store-house of the said F. T. Blanchard; and that "it is further true that the amounts have been paid which are referred to in said bill of complaint, and that the balance unpaid on the said deed of trust is correctly stated."

The answer denies that the bank was under any obligation to go out of the State into the State of Tennessee to pursue remedies against Neeley, who was a resident of Tennessee and not of the State of Virginia, and further

denies that there was any uncertainty as to the amount of its debt, or of the prior deed of trust on the property. No replication was filed to this answer at the time the answer was filed. A special replication was made a part of the amended and supplemental bill hereinafter referred to. This replication will be referred to later.

At the February term, 1917, the appellant filed an amended and supplemental bill. This bill sets out more in detail than the original bill the efforts of the appellant to get the bank to collect the notes or bonds of Neeley and its refusal to do so, and indirectly charges collusion between the bank and Neeley. It alleges, for the first time, payment of the notes secured, and produces the checks of the company, and the original bonds to show their payment, but it is significant that it does not allege that the *debt secured* had been paid. It further charges that the position of the endorsers had been changed since the original bonds were given, whereby Neeley had become the first endorser and the appellant second endorser, and alleged the release of the appellant by reason of the bank's failure to make the money out of Neeley unless it could be shown that Neeley was insolvent. It also makes a special replication to the defendant's answer to the original bill in these words: "That all of the averments of defendant's answer which are not heretofore referred to in this amended and supplemental bill are here denied and issue is taken upon the same as fully and completely as if a general replication had been filed to said answer." The prayer of this bill, among other things, is that the original bill be treated as a part of this amended and supplemental bill as fully as if said original bill were here copied into this bill. There is a further prayer that the defendant be required to answer each and every allegation of said amended and supplemental bill, and that it answer all of said allegations fully and truth fully, but not on oath.

[1-3]  The complainant does not profess to have discov-
ered any new evidence since the filing of his original bill,
and in fact assigns no reason or necessity for filing it.  If
the debt of the appellee had been paid, the appellant knew
it as well when the original bill was filed as when he filed
his amended and supplemental bill, and yet no reference is
made in the original bill to any such payment.  It is a sig-
nificant fact that nowhere in the pleadings does the appel-
lant charge that the *debt* of the appellee has been paid.
The deed which he executed secured the debt, and not merely
the evidence of it.  It not only secured the debt, but all re-
newals thereof, in whole or in part, and it remained a se-
curity for the debt until it was paid unless there was some
novation of the debt, which is not claimed.  The defendant,
in answer to this bill, says that the notes were not paid
"except those particular notes might have been paid as
stated, but notes in their stead were given which is fre-
quently the custom of the bank where notes are not paid
but only renewed."  And further, "this defendant insists
that the notes now held by it are not paid and are covered
by the deed of trust in question, and are a charge upon the
store-house and lot."  There was a general replication to
this answer.  In as much as the appellant had, in his orig-
inal bill, admitted that the trust deed was a security for
the notes dated April 30, 1913, and that the balance due
thereon was $4,584, and the defendant, in its answer to
that bill had stated that complainant had correctly set forth
the notes held by it and the balance due thereon, the repli-
cation made to this answer cannot have the effect of deny-
ing this statement of the answer, which was simply a con-
currence in the admissions of the bill.  There is nothing in
the answer to the amended bill which is in any wise in con-
flict with this statement in the answer to the original bill.
Indeed, in the latter answer it is said:  "This defendant
now says that there is owing to it by the said complainant

the sum of $4,584, which bears interest from the.....day
of............., 19..; that the same is just, due and un-
paid, and that it is secured by the said deed of trust in-
volved in this suit." In view of the fact that the appel-
lant makes no charge in either of his bills that the original
*debt* has been paid, but simply that the original *notes* have
been discharged, the statement of the answer to the amended
bill that the notes now held by the bank were renewals of
the original notes cannot be taken as an affirmative alle-
gation which the defendant was bound to prove. The deed
secured the original debt, and was a continuing security for
the debt and every part thereof until it was paid. If the
appellant relied upon its payment, it was incumbent upon
him to allege and prove such payment, as that is an affirm-
ative defense. But, as already pointed out, the appellant
does not anywhere in his pleadings allege the payment of
the *debt*, but, on the contrary, admits in his original bill
that the notes dated April 30, 1913, are a part of the debt
secured by the deed of trust, and correctly states the bal-
ance due thereon. Furthermore, the amended bill prays
specifically that the original bill be treated as a part thereof
as fully as if it were copied into the amended bill. Under
these circumstances, the production of the original bonds
secured and of checks for the amount thereof, stamped
paid, dated about the time said bonds fall due, is entirely
consistent with the claim of the appellee and the admis-
sions of the appellant that the notes dated April 30, 1913,
which are the notes now held by the appellee, are a part
of the debt secured by the deed of trust, and no further
evidence was needed to show that said notes were renewals
of the original bonds secured. An allegation that the orig-
inal debt had been paid was as necessary as the proof
thereof, but there was no such allegation, and even if there
had been, the proof offered was insufficient, in view of the

appellant's admission in his pleadings. Sundry payments were made to the appellee on the notes dated April 30, 1913, by the F. T. Blanchard Company after that date. There was no oral testimony in the case, and the endorsement of credits on the notes does not show by whom the payments were made, but they do show in each instance what per cent of the principal of the note was paid each time. The aggregate of these is fifty-two per cent, which is exactly the amount which the pleadings show was paid from the assets of the F. T. Blanchard Company.

The other questions involved in this cause were abandoned, as will appear from the following statement in the reply brief for the appellant: "It is contended on the part of the appellant that the notes secured in the deed of trust of date December 21, 1912, are paid, and the appellees contend that they are not paid, and the only question to be decided is whether they are or are not paid." The real controversy in the case is whether the debt secured has been paid. We are of opinion that such payment has not been shown.

[4] As to the effect of calling for answers to specific interrogatories or allegations, and then waiving oath thereto, see *Johnson* v. *Mundy*, 123 Va. 730, 97 S. E. 564. If it is desired to waive an answer under oath, we would suggest that, instead of the form in common use, the bill should simply pray that the desired parties "be made defendants to this bill, and, waiving an answer under oath, that, etc."

[5] Objection is made to the decree appealed from on the ground that it is uncertain because it fails to state from what time the amounts due the bank should bear interest. The decree did not finally dispose of the case, but referred it to a commissioner to take certain accounts which would

75

of necessity disclose, not only the amount of the bank's claim, but the time from which it bore interest. This decree properly ordered accounts of liens and their priority before directing a sale under the trust deed.

The other assignments of error have been sufficiently disposed of in what has already been said. We find no error in the decree of the circuit court, and its decree will, therefore, be affirmed.

*Affirmed.*