## Staunton.

F. T. BLANCHARD V. DOMINION NATIONAL BANK, ET AL.

September 22, 1921.

Absent, Kelly, P., and Burks, J.

1. USURY—*Interest Payable Semi-annually or Quarterly or at Other Recurring Periods.*—Notwithstanding that usury statutes usually designate the legal rate as a certain rate per annum, interest may be made payable semi-annually, or quarterly, or at such recurring periods as may receive the assent of the parties, without tainting the transaction with usury.

2. USURY—*Interest Payable Semi-annually or Quarterly or at Other Recurring Periods—Virginia Statute.*—Thus, the Virginia act (Code of 1919, section 5551) provides that, legal interest shall continue to be at the rate of six dollars upon one hundred dollars for a year, and proportionately for a greater or less sum, or for a longer or shorter time. This act forbids the taking of a greater rate of interest than six per cent., and where the time is twelve months or more, there is no violation of either the letter or spirit of the statutes to contract that the legal rate due shall be payable in instalments during the specified period.

3. INTEREST—*Compound Interest—Express Stipulation for Compound Interest.*—A debtor may enter into a contract under some circumstances to capitalize overdue interest, and to pay interest thereon.

4. INTEREST—*Compound Interest—No Express Stipulation for Compound Interest.*—Where the principal of the debt is ascertained and there has been a continuing default in the payment of interest, although the contract provides for its payment upon recurring and for specified periods, a court in settling the account, in the absence of a specified agreement to pay lawful interest upon the installments thus in default, will only allow simple interest upon the principal sum due.

5. BILLS, NOTES AND CHECKS—*Attorney's Fees—Extra Allowance on Appeal.*—Notes provided for the payment of ten per cent. attorney's fees in case the notes should be placed in the hands of an attorney for collection. The court below allowed $500

80

attorney's fees, which was less than the amount which might have been allowed under this provision. While it was not probable that this fee would have been adjudged insufficient if the debtor had not appealed from the decree of the lower court, inasmuch as he did appeal from the decree as a whole, and thus delayed his creditor in the collection of the debt justly due, and was responsible for the expense caused by the litigation thus prolonged, the Supreme Court of Appeals allowed an additional fee of $100.

Appeal from a decree of the Circuit Court of Washington county.   Decree for defendant.   Complainant appeals.

*Affirmed.*

The opinion states the case.

*A. H. Blanchard* and *Hutton & Hutton,* for the appellant.

*Peters, Lavinder & Peters,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

This is the sequel to the case of *Blanchard* v. *Dominion National Bank,* 125 Va. 586, 100 S. E. 463.   There the appellant, who was the endorser of certain notes, claimed that they had been paid.   That question having been decided against him, the case was remanded for further proceedings.   One of the objections then urged is thus stated in that opinion: "Objection is made to the decree appealed from on the ground that it is uncertain because it fails to state from what time the amounts due the plaintiff should bear interest." This point is thus decided: "The decree did not finally dispose of the case, but referred it to a commissioner to take certain accounts which would of necessity disclose, not only the amount of the bank's claim, but the time from which it bore interest.   This decree properly

ordered accounts of liens and their priority before directing a sale under the trust deed."

After the former appeal was determined and the case remanded, the commissioner stated the account and compounded the interest on the debt semi-annually. The appellant excepted to this, claiming that the amount of the debt was irrevocably fixed by the former decree at $4,584, and that as no other time was thereby fixed, the interest thereon could only be computed from the date of the decree, October 10, 1918, and also upon the ground that, in case his first exception should be overruled, the commisioner erred in compounding the interest.

At the hearing the court entered a decree in favor of the creditor, Dominion National Bank, for the sum of $4,866.18, with simple interest thereon from June 6, 1914, that being the aggregate of the balance due by the debtor as of that date.

The chief contention of the appellant upon this appeal is that because the notes provide for semi-annual payments of interest thereon, therefore the debt was usurious. No authority is cited supporting this proposition, and so far as we are informed it has never been sustained by any court anywhere.

[1] This is said by the learned annotator in a note to 46 Am. St. Rep., p. 189: "The interest specified in these statutes (referring to usury) is usually designated as a certain rate per annum. This has never, so far as we are aware, been considered either as forbidding loans for a short period of time, nor as requiring that interest shall be computed at yearly intervals only. On the contrary it is well settled that interest may be made payable semi-annually, or quarterly, or at such recurring periods as may receive the assent of the parties." And he cites numerous cases to support the text.

In *Myer* v. *Muscatine,* 1 Wall. 384, 391, 17 L. Ed. 566, this is said on the subject: "This objection has no foundation. When a statute fixes the rate of interest per annum, it has always been held that parties may lawfully contract for the payment of that rate, before the principal debt becomes due, at periods shorter than a year." Citing *Mowry* v. *Bishop,* 5 Paige (N. Y.) 98.

In *Brown* v. *Vandyke,* 8 N. J. Eq. 795, 55 Am. Dec. 250, it was held that an agreement between commission merchants and their customers that rests shall be made in their accounts quarterly and that interest should be calculated upon the balance thus found to be due quarterly, was not usurious, saying in this connection: "Business men must be allowed to make their own bargains; and when they do so understandingly, and are not entrapped or deceived, their bargains must be enforced. If the parties dealing with commission merchants agree that rests shall be made quarterly, it has long been settled that such a mode of stating accounts and calculating interest is perfectly legal.

In *Goodrich* v. *Reynolds, Wilder & Co.,* 31 Ill. 490, 83 Am. Dec. 243, it is held that a reservation in a note that the interest thereon shall be paid semi-annually is not usurious. In *Goddale* v. *Wallace,* 19 S. D. 405, 103 N. W. 651, 117 Am. St. Rep. 969, Ann. Cas. 545, it is held that the fact that upon the face of the notes the interest was payable monthly instead of annually does not make them usurious.

In *Cook* v. *Courtright,* 40 Ohio St. 248, 48 Am. Rep. 681, under a statute which allowed interest at a specified rate "upon the amount of such note payable annually," it was held that the reservation of the prescribed legal rate of interest on the face of the note, but making it payable semi-annually, is not usurious.

[2] It is observed in this connection that the Virginia statute provides (Code 1919, sec. 5551) that "legal interest shall continue to be at the rate of six dollars upon one hun-

dred dollars for a year, and proportionately for a greater or less sum, or for a longer or shorter time."

In *Brown* v. *Johnson,* 43 Utah 1, 134 Pac. 590, Ann. Cas. 1916C, 321, 46 L. R. A. (N. S.) 1157, it is also held that under a statute permitting any rate of interest not exceeding twelve per cent per annum, a note calling for interest at the rate of one per cent. per month is not usurious. 27 R. C. L. 229.

To hold that such a contract violates the usury statute of Virginia would be to condemn contracts and business transactions which are of every day occurrence in this State as well as elsewhere. The statute forbids the taking of a greater rate of interest than six per cent, and where the time is twelve months or more, there is no violation of either the letter or spirit of the statute to contract that the legal rate due shall be payable in installments during the specified period. The point made is without merit.

[3-4] The court eliminated the compound interest which the commissioner allowed, and this is assigned as cross-error by the bank. While it is true that a debtor may enter into a contract under some circumstances to capitalize overdue interest, and to pay interest thereon, no such contract is shown to exist in this case. Where the principal of the debt is ascertained and there has been a continuing default in the payment of interest, although the contract provides for its payment upon recurring and for specified periods, a court in settling the account, in the absence of a specific agreement to pay lawful interest upon the installments thus in default, will only allow simple interest upon the principal sum due. 46 Am. St. Rep. 190. The decree is without error in this respect.

[5] The notes provide for the payment of ten per cent attorney's fees in case the notes should be placed in the hands of an attorney for collection, and by authority of this provision the court allowed an attorney's fee of $500. This sum

is less than the amount authorized by the contract of the debtor. If he had not appealed from that decree, it is not probable that we would have adjudged the fee insufficient. Inasmuch, however, as the debtor appealed from the decree as a whole, has thus delayed his creditor in the collection of the debt justly due, and is responsible for the expense caused by the litigation thus prolonged, we think that this fee should be increased to compensate for the additional labor thereby imposed. We therefore sustain the cross-error assigned by the appellee, and will provide in our decree for an additional fee of $100, this being within the ten per cent limitation specified in the notes.

As thus amended the decree will be affirmed.

*Affirmed.*