## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Wilson Brothers, Inc.

v.

William Mouser

January 21, 1981

By JUDGE JOHN A. JAMISON

I have had for consideration the Plaintiff's claim against the Defendant for goods sold and delivered, amounting to $14,453.77, including interest, upon open account.

It is the position of the Plaintiff that the money is owed for goods ordered either by the Defendant or by his authorized agents and delivered to specified job sites.

The Defendant's position is that he himself received and signed for only sixteen invoices totalling $2,142.34. He submits that the failure of the Plaintiff to show by clear and convincing proof that the purchases were all made by and inured to the benefit of the Defendant relieves him of any obligation to pay for deliveries not actually signed for by him.

The Uniform Commercial Code, now adopted with statutory numbering and modifications in Virginia, places great stress upon a defendant's obligation by implication from circumstances, including a "course of dealing and usage of trade or course of performance." Va. Code § 8.1-205, U.C.C. 1-201(3). Such implied agreements are usually enforceable upon non-performance by one of the parties. The court must look to the previous course of dealing and the respective duties of the parties. Thus, what the bargain in fact is, may in appropriate circumstances be determined by what the parties have done and said in the past in the course of their relationship. A usage of trade is "any practice or method of dealing having

such regularity of observance. . . that it will be observed with respect to the transaction." Va. Code Section 8.1-205, U.C.C. 1-205(2).

In this particular case, testimony by the Plaintiff's credit manager was that all deliveries were made upon express orders either by the Defendant or persons acting in the capacity of an agent, or apparent agent, for the Defendant. Invoices and building materials were delivered to the Defendant at building sites at which he was working, with reasonable promptness, and the evidence showed that the Defendant had knowledge of these deliveries and billings. There is certainly evidence by the Defendant that on one occasion he sent to the office of the Plaintiff and stated in effect that no additional shipments should be made unless he personally ordered them. Yet, in view of the size and number of orders following such instructions, without protest or refusal on the part of the Defendant, he apparently allowed to come into being a new usage or course of performance. A usage of trade is any practice or method of dealing, having such regularity of expectation that it will be observed with respect to the transaction. The existence and scope of trade usage is a question of fact. U.C.C. 1-205(2); U.C.C. 2-208(2).

The question of part performance would eliminate the need for the Defendant's signature upon receipt of orders if an obligation fell upon him to protest such deliveries and billings in a timely fashion and he failed to do so and further utilized or acquiesced in the use of such materials to his benefit. In such a situation, the Defendant cannot take advantage of the defense of the Statute of Frauds which, under other circumstances, would have required his signature to entitle Plaintiff to enforcement. His silence is treated as if he had actually signed the confirmatory memorandum received, although he did appear once at Plaintiff's place of business and instructed an employee to make no more shipments without his personally ordering them, if a course of subsequent dealing took place which established a new usage of trade between them. This appears from the evidence to have taken place.

I cannot agree with the Defendant that the failure of the Plaintiff to show by clear and convincing proof that the purchases were all made by and inured to the benefit of the Defendant constitutes a failure to show

that the entire indebtedness is owed by the Defendant. There was no testimony by the Defendant as to how much he agreed he owed at the time he advised the Plaintiff to cease sales and shipments unless personally ordered by him.

The total billing of Plaintiff amounted to $13,100.32, to which the Plaintiff seeks to add monthly interest charges of one and one-half per cent, i.e., compounding the interest on the above principle. The Defendant has cited the case of *Blanchard* v. *Dominion National Bank*, 130 Va. 633 (1921). I believe that in the absence of an agreement, the Defendant's position is sound with respect to this compound interest. Accordingly, only simple interest will be allowed upon the principle to date of judgment.