**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-1133**

_____

HELEN M. CUNNINGHAM,

Plaintiff - Appellee,

versus

DAVID W. JOHNSON; DELORES B. JOHNSON, a/k/a
Delores B. Barros,

Defendants - Appellants.

--------------------------------------------------

PARTA VALARTA, LLC,

Movant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (CA-99-72-1)

_____

Argued:  May 25, 2007                    Decided:  July 27, 2007

_____

Before TRAXLER and KING, Circuit Judges, and T. S. ELLIS, III,
Senior United States District Judge for the Eastern District of
Virginia, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ARGUED:** William Daniel Sullivan, TIGHE, PATTON, ARMSTRONG &
TEASDALE, P.L.L.C., Washington, D.C., for Appellants.  Paul Stone
Richter, RICHTER, MILLER & FINN, Washington, D.C., for Appellee.

**ON BRIEF:** Thomas P. Miller, RICHTER, MILLER & FINN, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David W. Johnson appeals the denial of his motion to vacate a default judgment entered against him in the Eastern District of Virginia. His wife, Delores B. Johnson, appeals the denial of her motion to reconsider an award of summary judgment made against her in the same case. These judgments arose from a suit on a $385,000 promissory note that the Johnsons executed in favor of Helen M. Cunningham in 1991 (the "Note"), and the sum of each judgment was computed by applying a computation of compound interest to the principal amount of the Note. The Johnsons contend on appeal that the Note actually provided for simple interest only, that the sums of the judgments against them are thus erroneous, and that the court therefore erred in denying their motions for relief from those judgments. As explained below, the Johnsons are correct on the interest computation issue, and we thus vacate and remand.

I.

A.

On July 25, 1991, David and Delores Johnson, in connection with a purchase of real property, executed the Note, which obligated them to pay Helen Cunningham the sum of $385,000 "with interest until paid at the rate of 8.5 per centum per annum." J.A.

3

15.[1] The Note provided that "[s]aid principal and interest [were] payable in monthly installments" of $4781.34, and specified that "[i]f not sooner paid, said principal and interest shall be due and payable in full Ten (10) years from date herein."  Id.  In addition, the Note provided that any late payment entitled Cunningham to demand immediate payment of all outstanding principal and interest, and that "[a]ny payment more than 15 days late shall require an additional Four Percent (4%) late fee."  Id.

The Johnsons defaulted on the Note almost immediately, and made no payments until March 7, 1996, when they paid Cunningham $2000.  Shortly thereafter, on April 9, 1996, the Johnsons made another $2000 payment.  As far as the record indicates, they have paid Cunningham nothing since.

On January 11, 1999, Cunningham notified the Johnsons that she was exercising her right to payment in full as a result of their default.  Shortly thereafter, on January 22, 1999, Cunningham initiated this civil action against the Johnsons in Virginia's eastern district.  On February 10, 1999, however, before the Johnsons were served with the Complaint in Cunningham's action, Mrs. Johnson filed for bankruptcy, triggering an automatic stay of Cunningham's civil action against her.  See 11 U.S.C. § 362 (automatic stay in bankruptcy).  Thus, when Mr. Johnson was served

_____

[1]Citations herein to "J.A. ___" refer to the contents of the Joint Appendix filed by the parties in this appeal.

4

with process in this case on March 20, 1999, no such service was made on Mrs. Johnson.

Mr. Johnson failed timely to respond to Cunningham's Complaint, and on April 14, 1999, Cunningham sought default judgment against him. Cunningham's declaration in support of default judgment asserted that Mr. Johnson owed her the sum of $753,516.06 on the Note. Cunningham's declaration did not explain how that sum had been computed, but she now concedes that it was calculated by assessing compound interest on the amount owed on the Note. On May 11, 1999, the district court entered a Default and Judgment against Mr. Johnson, ordering that Cunningham recover the sum of $757,173.12 — the request made in her April 14, 1999 declaration plus additional prejudgment interest — from him.

On June 17, 2004, after Mrs. Johnson's bankruptcy stay had been lifted, Cunningham filed an Amended Complaint against her in this case, again seeking to recover on the Note. (Mrs. Johnson had been denied a discharge in bankruptcy and thus remained obligated to Cunningham.) Then, on September 28, 2004, Cunningham sought summary judgment and an award of $321,013.23 in her action against Mrs. Johnson. The amount of this request was computed by beginning with the $757,132.12 Cunningham had asserted as due on the Note as of May 11, 1999 — the date the default judgment was entered against Mr. Johnson — subtracting certain payments that the

5

Johnsons had made since that date, and adding further compound interest.

On November 12, 2004, the district court conducted a hearing on Cunningham's summary judgment motion. At this hearing, Mrs. Johnson acknowledged that summary judgment was warranted, but contested Cunningham's calculation of interest on the Note. Specifically, Mrs. Johnson maintained that the Note provided for simple interest only, and that the Amended Complaint and summary judgment motion, which sought a sum computed on the basis of compound interest, overstated Mrs. Johnson's liability to Cunningham. On November 30, 2004, the court entered an Order awarding summary judgment to Cunningham and against Mrs. Johnson in the sum of $321,263.23, the full amount Cunningham had sought. This Order explained that "[t]he Court has reviewed Plaintiff's calculations and determined that they are correct and accurate." J.A. 117.

On December 9, 2004, Mr. and Mrs. Johnson together submitted a post-judgment motion to the district court, in which they maintained that the Note provided for simple interest only (the "Post-Judgment Motion"). The Post-Judgment Motion requested that the court reduce the judgment against Mrs. Johnson to a sum calculated using simple, rather than compound, interest, and sought

6

to have the Declaratory Judgment against Mr. Johnson vacated.[2]  In a two-sentence Order of January 18, 2005, the court denied both aspects of the Post-Judgment Motion (the "Post-Judgment Order"). In the Post-Judgment Order, the court explained that it was "of the opinion that the 11/30/04 [summary judgment] and 5/11/99 [default judgment] rulings were correct," and that the defendants' Post-Judgment Motion should therefore be denied.  J.A. 147.

Mr. and Mrs. Johnson have appealed the denial of their Post-Judgment Motion, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

B.

We review for abuse of discretion a district court's ruling on a motion to alter or amend a judgment pursuant to Rule 59(e).  See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005).  Likewise, a district court's ruling on a Rule 60(b) motion for relief from judgment is subject to abuse of discretion review.  See Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7 (1978).  A district court necessarily abuses its discretion if it makes a ruling based on an erroneous view of the law or a clearly erroneous factual

---

[2]The Post-Judgment Motion failed to invoke any specific authority for the relief it requested.  Mrs. Johnson's motion for a reduction in the judgment against her, however, is best characterized as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Mr. Johnson's motion to vacate the default judgment is best viewed as a motion for relief from judgment under Rule 60(b).

7

premise.  See Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405 (1990).

## II.

The Johnsons contend that the district court abused its discretion in denying their Post-Judgment Motion because its ruling in that regard rested on an erroneous legal conclusion:  that the sums of the judgments against them were correct.  According to the Johnsons, the judgments against them were in fact incorrect, because they were based on a compound interest computation, while the Note allowed for simple interest only.  Cunningham concedes, as she must, that the judgments against the Johnsons were computed by compounding interest on the Note.  Thus, if the Note actually allowed only simple interest (as the Johnsons contend), then the basis of the Post-Judgment Order — that the judgments against the Johnsons were correct — was an erroneous premise, and the court abused its discretion in denying the Post-Judgment Motion.

It is a longstanding principle of Virginia law that compound interest is allowed on a promissory note only if the note so provides; if the note makes no provision as to whether the interest due thereon is simple or compound, only simple interest may be assessed.  See Blanchard v. Dominion Nat'l Bank, 108 S.E. 649, 651

8

(Va. 1921).[3]  Cunningham does not challenge this proposition, nor does she dispute the fact that the Note failed to make any express provision for compound interest.  Rather, she asserts — without support or explanation — that the monthly payment schedule established in the Note implicitly demonstrates that interest was to be compounded, because the interest on promissory notes that call for monthly payments is "always" of the compound variety.  Appellant's Br. 24.

In fact, however, the Note's payment schedule called for the Johnsons to pay only simple interest.  Each month, the scheduled payment of $4781.34 would have paid the interest that accrued that month plus a portion of the principal, leaving only the remaining principal as the basis for the next month's assessment of interest.[4]  Consequently, had the Johnsons adhered to the Note's

---

[3]In their briefs, the parties cursorily discuss the possibility that District of Columbia law, rather than Virginia law, may govern this dispute.  They agree, however, that the question of which jurisdiction's law applies is immaterial to this appeal, because both allow only simple interest on a promissory note that fails to otherwise provide.  See Giant Food, Inc. v. Jack I. Bender & Sons, 399 A.2d 1293, 1304 (D.C. 1979).

[4]The interest accrued in the Note's first month was approximately $2727.08.  (This sum is calculated by multiplying the initial principal of $385,000 by (.085/12), with (.085/12) representing one month's interest at an annual interest rate of 8.5%.)  And, had the Johnsons complied with the Note's schedule of payments, the interest accrued in each succeeding month would have been less than that accrued the month before, as a consequence of the diminishing principal.  Thus, the monthly payment of $4781.34 would have been more than sufficient to pay the interest due in each month of the Note's scheduled ten-year term.

schedule, they would have paid interest on principal only (that is, simple interest), rather than interest on interest (compound interest). Cunningham's cryptic assertion that the Note's schedule of payments somehow implies a compound interest term is thus misconceived.

Nor does a compound interest provision, either express or implied, appear in the Note's specification of the consequences of a default by the Johnsons. Rather, the Note included only these two provisions relating to default: First, a default by the Johnsons would entitle Cunningham to demand immediate payment in full of the balance owed her. Second, if the Johnsons were more than fifteen days late with an installment payment, they would be obliged to pay a late fee of four percent of the sum that was past due. In light of these two expressly specified consequences of default, the Note's failure to provide for compound interest as an additional incident of late payment is especially conspicuous, and difficult to reconcile with Cunningham's position.

In sum, the Note made no provision, express or implied, for interest to be compounded. Thus, pursuant to the applicable legal principles, the Johnsons were obligated to pay only simple interest on the Note's principal amount. The premise of the district court's denial of the Post-Judgment Motion — that the judgments against the Johnsons, the sums of which were based on compound interest, were correct — was therefore legally erroneous, and the

10

court's ruling in that regard constituted an abuse of discretion. Accordingly, we are obliged to vacate the Post-Judgment Order and remand.  On remand, the court should exercise its discretion over the Post-Judgment Motion in light of our determination that the Note allowed for simple interest only, and that the sums of the judgments against the Johnsons were therefore incorrect.

## III.

Pursuant to the foregoing, we vacate the district court's denial of the Post-Judgment Motion and remand for such other and further proceedings as may be appropriate.

<u>VACATED AND REMANDED</u>

11